ARTHUR A. HARTINGER (SBN 121521)
ahartinger@publiclawgroup.com
GEOFFREY SPELLBERG (SBN 121079)
gspellberg@publiclawgroup.com
RENNE PUBLIC LAW GROUP
350 Sansome Street, Suite 300
San Francisco, California 94104
Telephone: (415) 848-7200
Facsimile:  (415) 848-7230

Attorneys for Defendant
BAY AREA AIR QUALITY MANAGEMENT
DISTRICT

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| STEPHEN (REX) SANDERS, individually, | Case No. 3:23-cv-04416-RFL |
| Plaintiff, | (Consolidated with 3:23-cv-04432-RFL; Related to 3:24-cv-01316-RFL; 3:24-cv-01460-RFL; 3:24-cv-06276-RFL; 3:24-cv-07000-RFL) |
| v. | |
| BAY AREA AIR QUALITY MANAGEMENT DISTRICT, DOES 1 THROUGH 25, | **DEFENDANT'S ANSWER TO PLAINTIFFS' CONSOLIDATED COMPLAINT** |
| Defendants. | |
| TERRI LEVELS, individually, | |
| Plaintiff, | |
| v. | |
| BAY AREA AIR QUALITY MANAGEMENT DISTRICT, DOES 1 THROUGH 25, | |
| Defendants. | |

Defendant Bay Area Air Quality Management District ("Air District" or "Defendant") hereby answers and responds, on behalf of itself and no other party, to Plaintiffs Stephen (Rex) Sanders and Terri Levels's (collectively "Plaintiffs") Consolidated Complaint ("Complaint") as follows:

## INTRODUCTION

The claims in this lawsuit are completely meritless.  All of the Air District's actions have been consistent with its commitment to fair treatment and excellence in the workforce.

Plaintiffs complain that they were wrongfully terminated and subject to discrimination, harassment, and retaliation.  This is not true.  No action by the Air District was based on any protected status or in response to any protected conduct.  Rather, a Human Resources Management Audit ("Management Audit") found that former Chief Administrative Officer Sanders mismanaged former Human Resources Officer Levels and the Human Resources Office.  Plaintiffs exhibited poor judgment and did virtually nothing to remediate a dysfunctional personnel system, inconsistent with best practices and good governance.  Plaintiffs were given full due process, notice of the charges against them, and a fair opportunity to respond through the Air District's grievance process.  Rather than exhaust these administrative remedies, Plaintiffs have lashed out with the baseless claims in this lawsuit.

The Air District holds all employees, regardless of their background, to the same performance standards.  The Air District's goal is to maintain a healthy work environment that promotes success, innovation, and its mission to improve air quality in the Bay Area.  The Air District took immediate steps to fix the flawed personnel program that Plaintiffs oversaw and allowed to persist.  For instance, on December 21, 2022, the Air District's Board of Directors approved a Corrective Action Plan ("CAP") to address the various issues and problems uncovered by the Management Audit with respect to the District's Human Resources program.  The CAP is publicly available at:

https://www.baaqmd.gov/~/media/files/board-of%20directors/2023/bods_agenda-packet_012523_op-pdf.pdf.

The Air District unequivocally rejects Plaintiffs' various claims of wrongful treatment, as the evidence will show that the Air District's actions were necessary and fair.  The changes being implemented are designed to strengthen the organization and maintain a workplace where all employees can thrive.  The Air District is committed to upholding these equitable principles.

RENNE PUBLIC LAW GROUP
Attorneys at Law

1    **I.    NATURE OF THE ACTION**

2         1.    In response to the allegations contained in paragraph 1 of the Complaint, the Air District

3    admits that Plaintiffs assert claims under Title VII of the Civil Rights Act of 1964 and the California Fair

4    Employment and Housing Act.  The Air District further admits that Plaintiffs are seeking damages and

5    other relief as described in Plaintiffs' Causes of Action and Prayer for Relief.  Except as expressly

6    admitted, the paragraph contains legal conclusions to which no response is required.  To the extent an

7    answer is required, the Air District denies each and every remaining allegation.

8         2.    In response to the allegations contained in paragraph 2 of the Complaint, the Air District

9    admits that Plaintiffs filed the Complaint pursuant to Court order.

10        3.    In response to the allegations contained in paragraph 3 of the Complaint, the paragraph

11   contains legal conclusions to which no response is required.  To the extent an answer is required, the Air

12   District denies each and every allegation.

13        4.    In response to the allegations contained in paragraph 4 of the Complaint, the paragraph

14   contains legal conclusions to which no response is required.  To the extent an answer is required, the Air

15   District denies each and every allegation.

16        5.    In response to the allegations contained in paragraph 5 of the Complaint, the paragraph

17   contains legal conclusions to which no response is required.  To the extent an answer is required, the Air

18   District denies each and every allegation.

19        6.    In response to the allegations contained in paragraph 6 of the Complaint, the Air District

20   admits that Plaintiffs are seeking damages and other relief as described in Plaintiffs' Causes of Action

21   and Prayer for Relief.  Except as expressly admitted, the Air District denies each and every remaining

22   allegation.

23        7.    In response to the allegations contained in paragraph 7 of the Complaint, the paragraph

24   contains legal conclusions to which no response is required.  To the extent an answer is required, the Air

25   District denies each and every allegation.

26        8.    In response to the allegations contained in paragraph 8 of the Complaint, the paragraph

27   contains legal conclusions to which no response is required.  To the extent an answer is required, the Air

28   District denies each and every allegation.

RENNE PUBLIC LAW GROUP
Attorneys at Law

9.      In response to the allegations contained in paragraph 9 of the Complaint, the Air District admits that Plaintiffs are seeking damages and other relief as described in Plaintiffs' Causes of Action and Prayer for Relief.  Except as expressly admitted, the Air District denies each and every remaining allegation.

**II.    JURISDICTION AND VENUE**

10.     In response to the allegations contained in paragraph 10 of the Complaint, the Air District admits the allegations.

**III.    PARTIES**

11.     In response to the allegations contained in paragraph 11 of the Complaint, the Air District admits the allegations.

12.     In response to the allegations contained in paragraph 12 of the Complaint, the Air District admits the allegations.

13.     In response to the allegations contained in paragraph 13 of the Complaint, the Air District admits the allegations.

**IV.    EXHAUSTION OF ADMINSTRATIVE REMEDIES AND GOVERNMENT CLAIM REQUIREMENTS**

14.     In response to the allegations contained in paragraph 14 of the Complaint, the Air District admits that Plaintiffs attached charges made to the California Civil Rights Department ("CRD") and right-to-sue letters from the CRD as exhibits to the Complaint.  Except as expressly admitted, paragraph 14 contains legal conclusions to which no response is required.  To the extent an answer is required, the Air District denies each and every remaining allegation.

**V.    FACTS COMMON TO ALL CAUSES OF ACTION**

**A.    Plaintiff Sanders**

15.     The Air District repeats and realleges its prior responses as if fully set forth herein.

16.     In response to the allegations contained in paragraph 16 of the Complaint, the Air District admits the allegations contained herein.

17.     In response to the allegations contained in paragraph 17 of the Complaint, the Air District admits the allegations.

RENNE PUBLIC LAW GROUP
Attorneys at Law

18.    In response to the allegations contained in paragraph 18 of the Complaint, the Air District admits the allegations.

19.    In response to the allegations contained in paragraph 19 of the Complaint, the Air District admits the allegations.

20.    In response to the allegations contained in paragraph 20 of the Complaint, the Air District admits the allegations.

21.    In response to the allegations contained in paragraph 21 of the Complaint, the Air District denies each and every one of the allegations.

22.    In response to the allegations contained in paragraph 22 of the Complaint, the paragraph contains legal conclusions to which no response is required.  To the extent an answer is required, the Air District denies each and every allegation.

23.    In response to the allegations contained in paragraph 23 of the Complaint, the paragraph contains legal conclusions to which no response is required.  To the extent an answer is required, the Air District denies each and every allegation.

24.    In response to the allegations contained in paragraph 24 of the Complaint, the Air District admits that Sanders took medical leave starting in October 2020 and extended the leave.

25.    In response to the allegations contained in paragraph 25 of the Complaint, the Air District admits that that John Chiladakis served as Information Systems Director, a role subordinate to the Deputy Air Pollution Control Officer and the Chief Administrative Officer.  The Air District denies the remaining allegations.

26.    In response to the allegations contained in paragraph 26 of the Complaint, the Air District admits that Sanders extended their medical leave.  The Air District denies each and every remaining allegation.

27.    In response to the allegations contained in paragraph 27 of the Complaint, the Air District denies each and every allegation.

28.    In response to the allegations contained in paragraph 28 of the Complaint, the Air District denies each and every allegation.

29.    In response to the allegations contained in paragraph 29 of the Complaint, the Air District

-5-

RENNE PUBLIC LAW GROUP
Attorneys at Law

Renne Public Law Group
Attorneys at Law

1  denies each and every allegation.

2      30.    In response to the allegations contained in paragraph 30 of the Complaint, the Air District

3  denies each and every allegation.

4      31.    In response to the allegations contained in paragraph 31 of the Complaint, the Air District

5  denies each and every allegation.

6      32.    In response to the allegations contained in paragraph 32 of the Complaint, the Air District

7  admits the allegations.

8      33.    In response to the allegations contained in paragraph 33 of the Complaint, the Air District

9  lacks sufficient knowledge and therefore denies each and every allegation.

10      34.    In response to the allegations contained in paragraph 34 of the Complaint, the Air District

11  lacks sufficient knowledge and therefore denies each and every allegation.

12      35.    In response to the allegations contained in paragraph 35 of the Complaint, the Air District

13  denies each and every allegation.

14      36.    In response to the allegations contained in paragraph 36 of the Complaint, the Air District

15  denies each and every allegation.

16      37.    In response to the allegations contained in paragraph 37 of the Complaint, the Air District

17  admits that former Air District Counsel Brian Bunger retired in 2021.  The Air District denies each and

18  every remaining allegation.

19      38.    In response to the allegations contained in paragraph 38 of the Complaint, the Air District

20  admits the allegations.

21      39.    In response to the allegations contained in paragraph 39 of the Complaint, the Air District

22  denies each and every allegation.

23      40.    In response to the allegations contained in paragraph 40 of the Complaint, the Air District

24  denies each and every allegation.

25      41.    In response to the allegations contained in paragraph 41 of the Complaint, the Air District

26  admits that the Air District's Board of Directors hired Sjoberg Evanshenk Consulting, Inc. ("Consultant")

27  to perform a management audit of the Air District's operations.  The Air District denies each and every

28  remaining allegation.

-6-

1    42.    In response to the allegations contained in paragraph 42 of the Complaint, the Air District

2    admits that the audit conducted by Consultant included review of certain newly created positions at the

3    Air District.  The Air District denies each and every remaining allegation.

4    43.    In response to the allegations contained in paragraph 43 of the Complaint, the Air District

5    admits that Plaintiffs provided Consultant information related to the audit.  The Air District denies each

6    and every remaining allegation.

7    44.    In response to the allegations contained in paragraph 44 of the Complaint, the Air District

8    admits that the Air District's Board of Directors hired Consultant to perform a management audit of the

9    Air District's Human Resources Department.  The Air District denies each and every remaining

10    allegation.

11    45.    In response to the allegations contained in paragraph 45 of the Complaint, the Air District

12    lacks sufficient knowledge and therefore denies each and every allegation.

13    46.    In response to the allegations contained in paragraph 46 of the Complaint, the Air District

14    denies each and every allegation.

15    47.    In response to the allegations contained in paragraph 47 of the Complaint, the Air District

16    admits that Consultant provided Plaintiffs a draft audit report and received input on the draft report from

17    Plaintiffs.  The Air District denies each and every remaining allegation.

18    48.    In response to the allegations contained in paragraph 48 of the Complaint, the Air District

19    denies each and every allegation.

20    49.    In response to the allegations contained in paragraph 49 of the Complaint, the Air District

21    admits that Sharon Landers sent a draft of the Consultant's audit report to the Air District's Board of

22    Directors and Counsel.

23    50.    In response to the allegations contained in paragraph 50 of the Complaint, the Air District

24    admits that Air District Board members reviewed the audit report.  The Air District denies each and every

25    remaining allegation.

26    51.    In response to the allegations contained in paragraph 51 of the Complaint, the Air District

27    admits that Sharon Landers met with Plaintiffs.  The Air District admits that Plaintiffs were placed on

28    administrative leave due, in part, to issues raised in the audit report on the Human Resources Department.

RENNE PUBLIC LAW GROUP
Attorneys at Law

-7-

1    The Air District denies each and every remaining allegation.

2        52.    In response to the allegations contained in paragraph 52 of the Complaint, the Air District

3    lacks sufficient knowledge and therefore denies each and every allegation.

4        53.    In response to the allegations contained in paragraph 53 of the Complaint, the paragraph

5    contains legal conclusions to which no response is required.  To the extent an answer is required, the Air

6    District denies each and every allegation.

7        54.    In response to the allegations contained in paragraph 54 of the Complaint, the Air District

8    admits that Sharon Landers provided Sanders a Notice of Intended Termination, dated December 19,

9    2022.

10        55.    In response to the allegations contained in paragraph 55 of the Complaint, the Air District

11    admits that the Notice of Intended Termination of Employment letter was sent to Sanders.  The Air

12    District denies each and every remaining allegation.

13        56.    In response to the allegations contained in paragraph 56 of the Complaint, the Air District

14    admits that Sanders submitted a written grievance.  The Air District denies each and every remaining

15    allegation.

16        57.    In response to the allegations contained in paragraph 57 of the Complaint, the Air District

17    admits the allegations.

18        58.    In response to the allegations contained in paragraph 58 of the Complaint, the Air District

19    admits the allegations.

20    **B.    Plaintiff Levels**

21        59.    The Air District repeats and realleges its prior responses as if fully set forth herein.

22        60.    In response to the allegations contained in paragraph 60 of the Complaint, the Air District

23    admits the allegations.

24        61.    In response to the allegations contained in paragraph 61 of the Complaint, the Air District

25    admits the allegations.

26        62.    In response to the allegations contained in paragraph 62 of the Complaint, the Air District

27    admits that Levels served as an intern in the Human Resources Department and full-time as an

28    Administrative Secretary for Technical Services and Analyst in Strategic Incentives.  The Air District

RENNE PUBLIC LAW GROUP
Attorneys at Law

-8-

1    denies each and every remaining allegation.

2        63.    In response to the allegations contained in paragraph 63 of the Complaint, the Air District

3    admits that Levels served as Administrative Analyst in the Business Department and Human Resources

4    Analyst.  The Air District further admits that Levels left the Air District to work for Marin County and

5    later returned to the Air District.  The Air District further admits that Levels served as Assistant Manager

6    in the Human Resources Department and Human Resources Officer.  The Air District denies each and

7    every remaining allegation.

8        64.    In response to the allegations contained in paragraph 64 of the Complaint, the Air District

9    denies each and every allegation.

10       65.    In response to the allegations contained in paragraph 65 of the Complaint, the Air District

11   admits the allegations.

12       66.    In response to the allegations contained in paragraph 66 of the Complaint, the Air District

13   denies each and every allegation.

14       67.    In response to the allegations contained in paragraph 67 of the Complaint, the Air District

15   denies each and every allegation.

16       68.    In response to the allegations contained in paragraph 68 of the Complaint, the Air District

17   denies each and every allegation.

18       69.    In response to the allegations contained in paragraph 69 of the Complaint, the Air District

19   denies each and every allegation.

20       70.    In response to the allegations contained in paragraph 70 of the Complaint, the Air District

21   admits that Levels reported to John Chiladakis while Sanders was on medical leave.  The Air District

22   denies each and every remaining allegation.

23       71.    In response to the allegations contained in paragraph 71 of the Complaint, the Air District

24   denies each and every allegation.

25       72.    In response to the allegations contained in paragraph 72 of the Complaint, the Air District

26   denies each and every allegation.

27       73.    In response to the allegations contained in paragraph 73 of the Complaint, the Air District

28   admits that Sharon Landers provided Levels a Notice of Intended Termination, dated January 25, 2023.

RENNE PUBLIC LAW GROUP
Attorneys at Law

-9-

74.    In response to the allegations contained in paragraph 74 of the Complaint, the Air District admits that the Notice of Intended Termination of Employment letter was sent to Levels.  The Air District denies each and every remaining allegation.

75.    In response to the allegations contained in paragraph 75 of the Complaint, the Air District admits that Levels submitted a written grievance.  The Air District denies each and every remaining allegation.

76.    In response to the allegations contained in paragraph 76 of the Complaint, the Air District admits the allegations.

77.    In response to the allegations contained in paragraph 77 of the Complaint, the Air District admits the allegations.

**C.    Discriminatory and Hostile Workplace Towards Minorities**

78.    In response to the allegations contained in paragraph 78 of the Complaint, the paragraph contains legal conclusions to which no response is required.  To the extent an answer is required, the Air District denies each and every allegation.

79.    In response to the allegations contained in paragraph 79 of the Complaint, the paragraph contains legal conclusions to which no response is required.  To the extent an answer is required, the Air District denies each and every allegation.

80.    In response to the allegations contained in paragraph 80 of the Complaint, and each of the subsections therein, the paragraph and subsections contain legal conclusions to which no response is required.  To the extent an answer is required, the Air District denies each and every allegation.

**D.    Third-Party Consultant Investigation and Evaluation**

81.    In response to the allegations contained in paragraph 81 of the Complaint, the Air District admits that it contracted with a third-party consultant, illumyx.  The Air District denies each and every remaining allegation.

82.    In response to the allegations contained in paragraph 82 of the Complaint, the Air District denies Plaintiffs' characterization of illumyx's report.  The Air District denies the remaining allegations.

83.    In response to the allegations contained in paragraph 83 of the Complaint, the Air District denies Plaintiffs' characterization of illumyx's report.  The Air District denies the remaining allegations.

RENNE PUBLIC LAW GROUP
Attorneys at Law

-10-

RENNE PUBLIC LAW GROUP
Attorneys at Law

84.     In response to the allegations contained in paragraph 84 of the Complaint, the Air District denies interfering with illumyx's culture initiative.  The Air District further denies Plaintiffs' characterization of illumyx's report and letter.  The Air District admits it received correspondence from illumyx addressed to Mr. Broadbent.  The Air District denies each and every remaining allegation.

85.     In response to the allegations contained in paragraph 85 of the Complaint, the Air District admits that illumyx sent correspondence to Board of Directors Chairperson Cindy Chavez.  The Air District denies Plaintiffs' characterization of illumyx's report and letter.  The Air District denies the remaining allegations.

86.     In response to the allegations contained in paragraph 86 of the Complaint, the Air District admits that it ended its contractual relationship with illumyx.  The Air District denies that the contractual relationship with illumyx ended for any inappropriate or unlawful reason.  The Air District denies each and every remaining allegation.

VI.     **CAUSES OF ACTION**

    A.     **First Cause of Action by Stephen Sanders**

**Discrimination Based on Sexual Orientation, Sex, and Gender Identity—Disparate Treatment (Cal. Gov. Code §§ 12940, *et seq.*)**

87.     The Air District repeats and realleges its prior responses to the previous paragraphs as if fully set forth herein.

88.     In response to the allegations contained in paragraph 88 of the Complaint, the Air District admits the allegations herein.

89.     In response to the allegations contained in paragraph 89 of the Complaint, the Air District admits that Plaintiff brings this action pursuant to the California Fair Employment and Housing Act.

90.     In response to the allegations contained in paragraph 90 of the Complaint, the paragraph contains legal conclusions to which no response is required.  To the extent an answer is required, the Air District denies each and every allegation.

91.     In response to the allegations contained in paragraph 91 of the Complaint, the paragraph contains legal conclusions to which no response is required.  To the extent an answer is required, the Air District denies each and every allegation.

-11-

92.     In response to the allegations contained in paragraph 92 of the Complaint, the paragraph contains legal conclusions to which no response is required.  To the extent an answer is required, the Air District denies each and every allegation.

93.     In response to the allegations contained in paragraph 93 of the Complaint, the paragraph contains legal conclusions to which no response is required.  To the extent an answer is required, the Air District denies each and every allegation.

94.     In response to the allegations contained in paragraph 94 of the Complaint, the Air District admits that Sanders is seeking damages and other relief as described in the Causes of Action and Prayer for Relief.  Except as expressly admitted, the paragraph contains legal conclusions to which no response is required.  To the extent an answer is required, the Air District denies each and every allegation.

**B.     Second Cause of Action by Stephen Sanders**

**Hostile Work Environment**
**(Cal. Gov. Code §§ 12940, *et seq.*)**

95.     The Air District repeats and realleges its responses to all previous paragraphs as if fully set forth herein.

96.     In response to the allegations contained in paragraph 96 of the Complaint, the Air District admits the allegations.

97.     In response to the allegations contained in paragraph 97 of the Complaint, the paragraph contains legal conclusions to which no response is required.  To the extent an answer is required, the Air District denies each and every allegation.

98.     In response to the allegations contained in paragraph 98 of the Complaint, the paragraph contains legal conclusions to which no response is required.  To the extent an answer is required, the Air District denies each and every allegation.

99.     In response to the allegations contained in paragraph 99 of the Complaint, the paragraph contains legal conclusions to which no response is required.  To the extent an answer is required, the Air District denies each and every allegation.

100.     In response to the allegations contained in paragraph 100 of the Complaint, the Air District admits that Plaintiff is seeking damages and other relief as described in Plaintiff's Causes of

RENNE PUBLIC LAW GROUP
Attorneys at Law

Action and Prayer for Relief.  Except as expressly admitted, the paragraph contains legal conclusions to which no response is required.  To the extent an answer is required, the Air District denies each and every allegation.

### C.     Third Cause of Action by Stephen Sanders

#### Failure to Prevent Discrimination and Harassment
#### (Cal. Gov. Code, §§ 12940, *et seq.*)

101.     The Air District repeats and realleges its responses to all previous paragraphs as if fully set forth herein.

102.     In response to the allegations contained in paragraph 102 of the Complaint, the Air District admits the allegations herein.

103.     In response to the allegations contained in paragraph 103 of the Complaint, the paragraph contains legal conclusions to which no response is required.  To the extent an answer is required, the Air District denies each and every allegation.

104.     In response to the allegations contained in paragraph 104 of the Complaint, the paragraph contains legal conclusions to which no response is required.  To the extent an answer is required, the Air District denies each and every allegation.

105.     In response to the allegations contained in paragraph 105 of the Complaint, the Air District admits that Plaintiff is seeking damages and other relief as described in Plaintiff's Causes of Action and Prayer for Relief.  Except as expressly admitted, the paragraph contains legal conclusions to which no response is required.  To the extent an answer is required, the Air District denies each and every allegation.

### D.     Fourth Cause of Action by Stephen Sanders

#### Retaliation in Violation of FEHA
#### (Cal. Gov. Code §§ 12940, *et. seq.*)

106.     The Air District repeats and realleges its responses to all previous paragraphs as if fully set forth herein.

107.     In response to the allegations contained in paragraph 107 of the Complaint, the Air District admits the allegations.

-13-

RENNE PUBLIC LAW GROUP
Attorneys at Law

108.    In response to the allegations contained in paragraph 108 of the Complaint, the paragraph contains legal conclusions to which no response is required.  To the extent an answer is required, the Air District denies each and every allegation.

109.    In response to the allegations contained in paragraph 109 of the Complaint, the paragraph contains legal conclusions to which no response is required.  To the extent an answer is required, the Air District denies each and every allegation.

110.    In response to the allegations contained in paragraph 110 of the Complaint, the paragraph contains legal conclusions to which no response is required.  To the extent an answer is required, the Air District denies each and every allegation.

111.    In response to the allegations contained in paragraph 111 of the Complaint, the Air District admits that Plaintiff is seeking damages and other relief as described in Plaintiff's Causes of Action and Prayer for Relief.  Except as expressly admitted, the paragraph contains legal conclusions to which no response is required.  To the extent an answer is required, the Air District denies each and every allegation.

**E.    Fifth Cause of Action by Stephen Sanders**

**Retaliation**
**(Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-3(a))**

112.    The Air District repeats and realleges its responses to all previous paragraphs as if fully set forth herein.

113.    In response to the allegations contained in paragraph 113 of the Complaint, the paragraph contains legal conclusions to which no response is required.  To the extent an answer is required, the Air District denies each and every allegation.

114.    In response to the allegations contained in paragraph 114 of the Complaint, the paragraph contains legal conclusions to which no response is required.  To the extent an answer is required, the Air District denies each and every allegation.

115.    In response to the allegations contained in paragraph 115 of the Complaint, the paragraph contains legal conclusions to which no response is required.  To the extent an answer is required, the Air District denies each and every allegation.

-14-

RENNE PUBLIC LAW GROUP
Attorneys at Law

RENNE PUBLIC LAW GROUP
Attorneys at Law

116.    In response to the allegations contained in paragraph 116 of the Complaint, the Air District admits that Plaintiff is seeking damages and other relief as described in Plaintiff's Causes of Action and Prayer for Relief.  Except as expressly admitted, the paragraph contains legal conclusions to which no response is required.  To the extent an answer is required, the Air District denies each and every allegation.

**F.    Sixth Cause of Action by Terri Levels**

**Discrimination Based on Race, Sex, Gender, and Age—Disparate Treatment
(Cal. Gov. Code §§ 12940, *et seq.*)**

117.    The Air District repeats and realleges its prior responses to the previous paragraphs as if fully set forth herein.

118.    In response to the allegations contained in paragraph 118 of the Complaint, the Air District admits the allegations.

119.    In response to the allegations contained in paragraph 119 of the Complaint, the Air District admits that Plaintiff brings this action pursuant to the California Fair Employment and Housing Act.

120.    In response to the allegations contained in paragraph 120 of the Complaint, the paragraph contains legal conclusions to which no response is required.  To the extent an answer is required, the Air District denies each and every allegation.

121.    In response to the allegations contained in paragraph 121 of the Complaint, the paragraph contains legal conclusions to which no response is required.  To the extent an answer is required, the Air District denies each and every allegation.

122.    In response to the allegations contained in paragraph 122 of the Complaint, the paragraph contains legal conclusions to which no response is required.  To the extent an answer is required, the Air District denies each and every allegation.

123.    In response to the allegations contained in paragraph 123 of the Complaint, the paragraph contains legal conclusions to which no response is required.  To the extent an answer is required, the Air District denies each and every allegation.

124.    In response to the allegations contained in paragraph 124 of the Complaint, the Air

-15-

1    District admits that Levels is seeking damages and other relief as described in the Causes of Action and

2    Prayer for Relief.  Except as expressly admitted, the paragraph contains legal conclusions to which no

3    response is required.  To the extent an answer is required, the Air District denies each and every

4    allegation.

5    **G.    Seventh Cause of Action by Terri Levels**

6    **Sexual Harassment—Hostile Work Environment**
     **(Cal. Gov. Code §§ 12940, *et seq.*)**

7

8    125.    The Air District repeats and realleges its responses to all previous paragraphs as if fully set

9    forth herein.

10    126.    In response to the allegations contained in paragraph 126 of the Complaint, the Air

11    District admits the allegations.

12    127.    In response to the allegations contained in paragraph 127 of the Complaint, the paragraph

13    contains legal conclusions to which no response is required.  To the extent an answer is required, the Air

14    District denies each and every allegation.

15    128.    In response to the allegations contained in paragraph 128 of the Complaint, the paragraph

16    contains legal conclusions to which no response is required.  To the extent an answer is required, the Air

17    District denies each and every allegation.

18    129.    In response to the allegations contained in paragraph 129 of the Complaint, the paragraph

19    contains legal conclusions to which no response is required.  To the extent an answer is required, the Air

20    District denies each and every allegation.

21    130.    In response to the allegations contained in paragraph 130 of the Complaint, the Air

22    District admits that Plaintiff is seeking damages and other relief as described in Plaintiff's Causes of

23    Action and Prayer for Relief.  Except as expressly admitted, the paragraph contains legal conclusions to

24    which no response is required.  To the extent an answer is required, the Air District denies each and every

25    allegation.

26    ////

27    ////

28    ////

RENNE PUBLIC LAW GROUP
Attorneys at Law

-16-

RENNE PUBLIC LAW GROUP
Attorneys at Law

**H.      Eighth Cause of Action by Terri Levels**

**Failure to Prevent Discrimination and Harassment**
**(Cal. Gov. Code, §§ 12940, *et seq.*)**

131.    The Air District repeats and realleges its responses to all previous paragraphs as if fully set forth herein.

132.    In response to the allegations contained in paragraph 132 of the Complaint, the Air District admits the allegations.

133.    In response to the allegations contained in paragraph 133 of the Complaint, the paragraph contains legal conclusions to which no response is required.  To the extent an answer is required, the Air District denies each and every allegation.

134.    In response to the allegations contained in paragraph 134 of the Complaint, the paragraph contains legal conclusions to which no response is required.  To the extent an answer is required, the Air District denies each and every allegation.

135.    In response to the allegations contained in paragraph 135 of the Complaint, the Air District admits that Plaintiff is seeking damages and other relief as described in Plaintiff's Causes of Action and Prayer for Relief.  Except as expressly admitted, the paragraph contains legal conclusions to which no response is required.  To the extent an answer is required, the Air District denies each and every allegation.

**I.      Ninth Cause of Action by Terri Levels**

**Retaliation in Violation of FEHA**
**(Cal. Gov. Code §§ 12940, *et. seq.*)**

136.    The Air District repeats and realleges its responses to all previous paragraphs as if fully set forth herein.

137.    In response to the allegations contained in paragraph 137 of the Complaint, the Air District admits the allegations.

138.    In response to the allegations contained in paragraph 138 of the Complaint, the paragraph contains legal conclusions to which no response is required.  To the extent an answer is required, the Air District denies each and every allegation.

1    139.    In response to the allegations contained in paragraph 139 of the Complaint, the paragraph

2   contains legal conclusions to which no response is required.  To the extent an answer is required, the Air

3   District denies each and every allegation.

4    140.    In response to the allegations contained in paragraph 140 of the Complaint, the paragraph

5   contains legal conclusions to which no response is required.  To the extent an answer is required, the Air

6   District denies each and every allegation.

7    141.    In response to the allegations contained in paragraph 141 of the Complaint, the Air

8   District admits that Plaintiff is seeking damages and other relief as described in Plaintiff's Causes of

9   Action and Prayer for Relief.  Except as expressly admitted, the paragraph contains legal conclusions to

10   which no response is required.  To the extent an answer is required, the Air District denies each and every

11   allegation.

12    **J.    Tenth Cause of Action by Terri Levels**

13                        **Retaliation**
14      **(Title VII of the Civil Rights Act, 42 U.S.C. § 2000e-3(a))**

15    142.    The Air District repeats and realleges its responses to all previous paragraphs as if fully set

16   forth herein.

17    143.    In response to the allegations contained in paragraph 143 of the Complaint, the paragraph

18   contains legal conclusions to which no response is required.  To the extent an answer is required, the Air

19   District denies each and every allegation.

20    144.    In response to the allegations contained in paragraph 144 of the Complaint, the paragraph

21   contains legal conclusions to which no response is required.  To the extent an answer is required, the Air

22   District denies each and every allegation.

23    145.    In response to the allegations contained in paragraph 145 of the Complaint, the paragraph

24   contains legal conclusions to which no response is required.  To the extent an answer is required, the Air

25   District denies each and every allegation.

26    146.    In response to the allegations contained in paragraph 146 of the Complaint, the Air

27   District admits that Plaintiff is seeking damages and other relief as described in Plaintiff's Causes of

28   Action and Prayer for Relief.  Except as expressly admitted, the paragraph contains legal conclusions to

RENNE PUBLIC LAW GROUP
Attorneys at Law

-18-

1  which no response is required.  To the extent an answer is required, the Air District denies each and every

2  allegation.

3  **AFFIRMATIVE DEFENSES**

4       The Air District asserts the following affirmative defenses, each of which is a separate and

5  distinct affirmative defense to the Complaint and to each claim set forth therein, without admitting,

6  acknowledging, or assuming that the Air District bears the burden of proof as to any of them.

7  **First Affirmative Defense**

8  (Statute of Limitations)

9       The Complaint, and each purported cause of action contained therein, is barred, in whole or in

10  part, by all applicable statutes of limitations, including but not limited to California Code of Civil

11  Procedure sections 335.1, 337, 338, 339, 340, and/or 342; and/or California Government Code sections

12  911.2, 945.4, 945.6, 12960, 12965(b), and/or 12965(c)(1)(C); and/or 42 U.S.C. § 2000e-5(e)(1), (f)(1).

13  **Second Affirmative Defense**

14  (Laches)

15       The Complaint, and each purported cause of action contained therein, is barred, in whole or in

16  part, by the doctrine of laches.

17  **Third Affirmative Defense**

18  (Estoppel)

19       Plaintiffs, through Plaintiffs' conduct, acts and omissions, and/or through the conduct, acts and

20  omissions of Plaintiffs' agents or representatives, are estopped from recovering any relief under any of

21  the causes of action alleged against Defendant.

22  **Fourth Affirmative Defense**

23  (Waiver)

24       Plaintiffs, through Plaintiffs' conduct, acts and omissions, and/or through the conduct, acts and

25  omissions of Plaintiffs' agents or representatives, have waived, in whole or in part, any right to relief

26  under any of the causes of action alleged against Defendant.

27  ////

28  ////

RENNE PUBLIC LAW GROUP
Attorneys at Law

-19-

**Fifth Affirmative Defense**

(Unclean Hands)

Plaintiffs, through Plaintiffs' conduct, acts and omissions, and/or through the conduct, acts and omissions of Plaintiffs' agents or representatives, are barred, in whole or in part, by the doctrine of unclean hands from recovering any relief under any of the causes of action alleged in the Complaint.

**Sixth Affirmative Defense**

(Consent)

The Complaint, and each purported cause of action contained therein, is barred, in whole or in part, by the doctrine of consent.

**Seventh Affirmative Defense**

(Mootness)

The Complaint, and each purported cause of action contained therein, in whole or in part, fails to state a claim upon which relief can be granted because the claims are moot.

**Eighth Affirmative Defense**

(No Damages)

Plaintiffs have suffered no legally cognizable damages caused by any conduct of the Defendant.

**Ninth Affirmative Defense**

(Failure to State a Claim)

The Complaint, and each purported cause of action alleged therein, fails to state facts sufficient to constitute a cause of action against Defendant.

**Tenth Affirmative Defense**

(Failure to Exhaust)

Plaintiffs are barred from recovery, in whole or in part, by failing to exhaust administrative and contractual remedies, including without limitation the Air District's grievance procedure in its Administrative Code.

**Eleventh Affirmative Defense**

(Governmental Immunity)

The Complaint and each pending cause of action therein are barred in whole or in part because all

-20-

RENNE PUBLIC LAW GROUP
Attorneys at Law

actions and conduct by Defendant and its agents or employees were justified and subject to all applicable governmental immunities, including but not limited to the immunities arising under the United States Constitution and federal law, immunities arising under the California Constitution and California law, immunities arising under California Civil Code section 47, and immunities arising under the Tort Claims Act, California Government Code sections 810 et seq., including, but not limited to sections 815, 815.2, 818, 818.2, 818.8, 820.2, 820.4, 820.6, 820.8, 821.2, 821.6, and 822.2 et seq.

### Twelfth Affirmative Defense

(Failure to Mitigate)

Plaintiffs are barred, in whole or in part, from recovery, which is denied, due to Plaintiffs' failure to mitigate their damages.

### Thirteenth Affirmative Defense

(Failure to Join Necessary Parties)

Plaintiffs have failed to join a party or parties necessary to this action whose interests are impacted by the claims alleged in the Complaint and the requested relief and has further omitted to state any reasons for such failure.

### Fourteenth Affirmative Defense

(Discretionary Authority)

Plaintiffs are not entitled to the relief requested on the ground that Plaintiffs request the Court to compel Defendant to exercise discretionary authority in a particular manner.

### Fifteenth Affirmative Defense

(Justification and Privilege)

Defendant alleges that its conduct was justified and privileged in taking the actions that Plaintiffs are now challenging.

### Sixteenth Affirmative Defense

(Acts in Accordance with Law and Substantial Evidence)

Defendant did not act arbitrarily, capriciously, or wholly without evidentiary support; did not abuse its discretion; and made all required findings, which supported all challenged actions and were supported by substantial evidence.

-21-

RENNE PUBLIC LAW GROUP
Attorneys at Law

1

**Seventeenth Affirmative Defense**

2

(Statutory Compliance)

3        Plaintiffs are not entitled to the relief requested on the ground that Defendant at all times acted in

4    accordance with the applicable laws and statutes.

5

**Eighteenth Affirmative Defense**

6

(Good Faith)

7        Plaintiffs are not entitled to the relief requested on the ground that Defendant at all times acted in

8    good faith.

9

**Nineteenth Affirmative Defense**

10

(Ratification)

11        Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' and/or Plaintiffs' agents or

12    representatives' participation in, approval of, or ratification of the conduct upon which the claims are

13    based.

14

**Twentieth Affirmative Defense**

15

(Prompt Remedial Corrective Action)

16        Plaintiffs' claims fail because Defendant did not unlawfully subject Plaintiffs to discrimination or

17    harassment and took prompt corrective action in response to Plaintiffs' claims.

18

**Twenty-First Affirmative Defense**

19

(Preemption by Workers' Compensation)

20        Plaintiffs' causes of action, which seek damages for physical, mental and/or emotional distress,

21    are barred by California Labor Code sections 3600, et seq., which provides that Workers' Compensation

22    is Plaintiffs' exclusive remedy.

23

**Twenty-Second Affirmative Defense**

24

(After-Acquired Evidence)

25        If Plaintiffs were entitled to recover for any loss suffered or sustained at the times alleged,

26    although such is not admitted hereby or herein, then the total amount of damage to which Plaintiffs

27    would otherwise be entitled shall be limited in whole or part by the doctrine of after-acquired evidence.

28    ////

RENNE PUBLIC LAW GROUP
Attorneys at Law

-22-

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

RENNE PUBLIC LAW GROUP
Attorneys at Law

### Twenty-Third Affirmative Defense

(Avoidable Consequences Doctrine)

Plaintiffs' damages against Defendant are barred and/or should be reduced under the avoidable consequences doctrine. (*See State Dept. of Health Services v. Superior Court* (2003) 31 Cal. 4th 1027).

### Twenty-Fourth Affirmative Defense

(Collateral Source Payments)

To the extent Plaintiffs are entitled to any recovery, which is denied, said recovery must be reduced by the amounts Plaintiffs received from any collateral source, and Defendant is entitled to set off such amounts and is also entitled to reimbursement pursuant to California Government Code section 985.

### Twenty-Fifth Affirmative Defense

(Non-discriminatory and Legitimate Reasons)

The Complaint and each pending cause of action therein fail to state a claim against Defendant because the actions taken by Defendant with regard to Plaintiffs were based on legitimate non-discriminatory and non-retaliatory reasons. If it is found that Defendant's actions were motivated by both discriminatory and non-discriminatory reasons, the non-discriminatory reasons alone would have induced Defendant to take such actions.

### Twenty-Sixth Affirmative Defense

(Business Necessity and/or Bona Fide Occupational Qualification)

The Complaint and each pending cause of action therein fails to state a claim against Defendant because the actions taken by Defendant with regard to Plaintiffs, and the policies, procedures, and standards applied to Plaintiffs, were job-related and consistent with business necessity and/or based upon a bona fide occupational qualification.

### Twenty-Seventh Affirmative Defense

(Beyond Scope of Administrative Complaint)

The Complaint and each pending cause of action therein are barred to the extent they vary from the allegations of the administrative charge filed with the appropriate agency and/or are outside of the scope of any "Right to Sue" notice issued by such agencies.

////

-23-

1

### Twenty-Eighth Affirmative Defense

2

(Indemnification)

3    Should Plaintiffs be entitled to any recovery against Defendant, which is denied, Defendant is

4    entitled to indemnification, either in whole or in part, from all persons or entities (including Plaintiffs)

5    whose negligence and/or fault and/or actions proximately contributed to Plaintiffs' damages, if any.

6

### Twenty-Nineth Affirmative Defense

7

(No Recovery of Punitive Damages from Public Entities)

8    Plaintiffs are not entitled to recover any punitive damages from Defendant because Defendant is a

9    public entity.  (*See* Cal. Gov. Code, § 818).

10

### Thirtieth Affirmative Defense

11

(Failure to Comply with the Government Claims Act)

12    Defendant alleges that each and every claim for relief in the Complaint is barred insofar as

13    Plaintiffs have failed to comply with the Government Claims Act, as set forth in California Government

14    Code Section 901 et seq.

15

### Thirty-First Affirmative Defense

16

(Ripeness)

17    Defendant alleges that each and every claim for relief in the Complaint is barred, in whole or in

18    part, in that Plaintiffs' claims are not ripe for adjudication.

19

### Thirty-Second Affirmative Defense

20

(Intervening / Superseding Cause)

21    Defendant alleges that Plaintiffs' damages, if any, were proximately caused and contributed to by

22    the acts of other persons and entities, and that said acts were intervening and superseding causes of

23    Plaintiffs' injuries and damages, if any.

24

### Thirty-Third Affirmative Defense

25

(Further Affirmative Defenses Reserved)

26    Defendant presently has insufficient knowledge or information on which to form a belief as to

27    whether it may have additional affirmative defenses that cannot be articulated at this time. Defendant

28    reserves its right to assert, and hereby gives notice that it intends to rely upon, any other defense that may

-24-

RENNE PUBLIC LAW GROUP
Attorneys at Law

become available during discovery or otherwise and reserves the right to amend its Answer to assert any such defense and does not waive any subsequently discovered defenses.

## **PRAYER FOR RELIEF**

WHEREFORE, the Air District prays that judgment be entered as follows:

1.      That Plaintiffs take nothing by reason of the Complaint;

2.      That the Complaint be dismissed with prejudice;

3.      That judgement be entered in favor of Defendant and against Plaintiffs on all claims;

4.      That Defendant be awarded their attorneys' fees and costs; and

5.      That the Court grant all such other relief as it deems just and proper.


Dated:  January 10, 2025                    RENNE PUBLIC LAW GROUP


                                            By:_____*/s/ Arthur A. Hartinger*_____
                                                    Arthur A. Hartinger

                                            Attorney for Defendant
                                            BAY AREA AIR QUALITY MANAGEMENT
                                            DISTRICT

RENNE PUBLIC LAW GROUP
Attorneys at Law

DEFENDANT'S ANSWER TO PLAINTIFFS'                    CASE NO. 3:23-cv-04416-RFL
CONSOLIDATED COMPLAINT