UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

STEPHEN (REX) SANDERS, et al.,

Plaintiffs,

v.

BAY AREA AIR QUALITY
MANAGEMENT DISTRICT,

Defendant.

Case No.  23-cv-04416-RFL

**THIRD PROPOSED FINAL JURY
INSTRUCTIONS**

Attached as Exhibit A is the Court's third proposed final jury instructions.

The retaliation instructions use the protected activities identified in Plaintiffs' original proposed instructions.  After further consideration, the Court is of the view that it is not appropriate to list separately each complaint at issue because that is too unwieldy and risks invading the province of the jury, because there are factual disputes about which complaints constituted protected activities.

Moreover, because the scope of the adverse employment actions is disputed, the instructions for the FEHA discrimination and retaliation claims largely conform to the versions originally proposed by Plaintiffs, which are consistent with the notes for CACI 2500 and 2505. Sufficient evidence has been presented at trial for the jury to evaluate non-termination actions, including Levels's exclusion from meetings, the halting of the Illumyx project, Sanders's being subjected to a level of bullying that affected the conditions of his employment, and the issuance of final audit reports blaming Sanders and Levels for issues that were allegedly not their fault and resulted in their termination.  To allow the jury to determine for itself which actions satisfy the legal requirements of an adverse employment action, the instructions include CACI 2509,

1

which defines the term "adverse employment action" for both retaliation and discrimination claims.  That instruction includes a "pattern of conduct" definition that allows the jury to assess conduct "as a whole."

Finally, Defendant's requested instruction regarding the cost-sharing provisions for grievance appeals (Dkt. No. 330) was modified to more accurately reflect the law, as stated in *California Tchrs. Ass'n v. State of California*, 20 Cal. 4th 327, 349–50 (1999), *Soto v. Cnty. of Riverside*, 162 Cal. App. 4th 492, 498 (2008), and *Zuckerman v. State Bd. of Chiropractic Examiners*, 29 Cal. 4th 32, 42 (2002).

The parties shall be prepared to state any objections to these proposed instructions and the proposed verdict forms at the conference on March 9, 2026.

**IT IS SO ORDERED.**

Dated: March 6, 2026

RITA F. LIN
United States District Judge